UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TIMOTHY HICKLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:06-CV-488 |
| ) | (PHILLIPS/GUYTON) |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for disposition of plaintiff Timothy Hickle's ("Plaintiff") Motion for an Award of Attorney Fees in the Amount of $5,463.40 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1) [Doc. 22][1] and Memorandum in Support [Doc. 24]. The Commissioner contends plaintiff is not entitled to an award of attorney's fees because the government's defense of this case was substantially justified. However, the Commissioner further contends, if this Court finds plaintiff is entitled to attorney's fees, then the amount requested by plaintiff is unreasonable, and the Court should reduce the amount requested to a reasonable amount.

---

[1] In his original motion, Plaintiff requested $5,635.40 in attorney's fees; however, in his reply, he stated his initial calculation was incorrect and the correct measure of EAJA fees in this case is $5,463.40 [Doc. 26]. Plaintiff also included an itemization from R. Scott Wilson, Esq., of Eric Buchanan & Associates, wherein he sets forth the time spent on this case in federal court [Doc. 23].

1

[Doc. 25]. Plaintiff also filed a reply. [Doc. 26]. Defendant then filed, pursuant to this Court's permission, a sur-reply [Doc. 30], to which plaintiff filed a response [Doc. 28].[2]

I. **Procedural Posture**

Plaintiff originally filed a claim for Supplemental Security Income payments on June 4, 2002 and filed an application for Disability Insurance Benefits on July 2, 2002, claiming disability due to AIDS, depression, hepatitis A and C infection, toxoplasmosis, and neuropathy. After his claims were denied initially and upon reconsideration, he filed a request for a hearing, which was held before an administrative law judge ("ALJ") on March 10, 2004. In a decision issued on May 24, 2004, the ALJ found that the claimant was not disabled, and thus not entitled to disability benefits nor supplemental security income payments. On July 16, 2004, plaintiff requested review of the ALJ's decision from the Appeals Council, which was granted. On October 8, 2004, the Appeals Council vacated the decision of the ALJ and remanded the case, stating further evaluation was necessary to determine the extent to which plaintiff's impairments limit his ability to function. On February 2, 2005, the ALJ held a supplemental hearing and after hearing additional evidence, found plaintiff was not disabled and not entitled to benefits. After the Appeals Council denied plaintiff's request for review of the ALJ's subsequent decision to deny disability benefits, plaintiff filed a complaint in the United States District Court for the Eastern District of Tennessee, seeking review of the Commissioner's decision denying him disability benefits.

---

[2]Plaintiff's response to defendant's sur-reply was filed prior to defendant filing his sur-reply. Plaintiff filed his response when defendant filed a Motion for Leave to File a Sur-Reply "out of an abundance of caution, and to ensure timely response" [Doc. 28].

On September 11, 2007, United States District Judge Thomas Phillips entered an order adopting in whole this Court's Report and Recommendation and granted plaintiff's motion for judgment on the pleadings and denied defendant Commissioner's motion for summary judgment and remanded the case for an award of benefits [Doc. 20]. This Court found remand necessary for two reasons. First, the "ALJ failed to consider the total impact of Plaintiff's AIDS infection and its manifestations and medication-induced side-effects" [Doc. 17]. Second, this Court found the ALJ's decision failed to "provide good reasons to reject the treating physicians' assessments of Plaintiff's abilities," thus, "the ALJ's determination that Plaintiff does not meet Listing 14.08N is not supported by substantial evidence and he failed to apply the proper legal standards" [Doc. 17]. On October 11, 2007, plaintiff timely filed his motion requesting attorney's fees under the EAJA.

## II.     Petition for Award of Fees

Generally, each party to a lawsuit is responsible for payment of its own legal fees. See Scarborough v. Principi, 541 U.S. 401, 404 (2004). The Equal Access to Justice Act, however, departs from that general proposition and, in relevant part, states:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party, other than the United States, fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, in order to be entitled to EAJA attorney's fees, four conditions must be met: (1) the plaintiff must be a prevailing party; (2) no special circumstances warranting denial of fees may exist; (3) the government's position must be without substantial justification; and

(4) the application for attorney's fees must be filed within 30 days of the final judgment in the action. 28 U.S.C. § 2412(d)(1)(A)-(B).

The parties agree the issue in this case is whether the Commissioner's position in both the administrative proceedings and the civil action was "substantially justified," as the term is used in the EAJA. "The burden of establishing 'that the position of the United States was substantially justified,' ... must be shouldered by the Government." Scarborough, 541 U.S. at 414. To satisfy that burden, the United States must show that its position was "justified to a degree that could satisfy a reasonable person," not merely that the government was "undeserving of sanctions for frivolousness." Peck v. Commissioner of Social Security, 165 Fed.Appx. 443, 446 (6th Cir. Feb. 1, 2006) (citing Pierce v. Underwood, 487 U.S. 552, 565-66 (1988)). The Sixth Circuit has further noted that "a position is substantially justified when it has a reasonable basis in both law and fact. The fact that ... the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004). Therefore, the Commissioner can lose on the merits of the disability claim, but win on the application for attorney's fees. See Couch v. Sec'y of Health & Human Servs., 749 F.2d 359, 360 (6th Cir. 1984). Furthermore, the United States Supreme Court has recognized that "[t]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." Pierce, 487 U.S. at 569. "Nevertheless, a string of losses can be indicative; and even more so a string of successes." Id.

In the present case, the Commissioner opposes plaintiff's petition for EAJA fees, contending his position was substantially justified, and thus, plaintiff is not entitled to attorney's fees under the

EAJA [Doc. 25]. The Commissioner argues that while the ALJ's decision may not have been supported by substantial evidence because it was not adequately explained in accordance with the treating physician rule, the ALJ's decision was at least substantially justified [Id.]. Plaintiff argues that the ALJ's erroneous application of Listing 14.08N, his rejection of his treating physician's opinions, and the failure to properly evaluate his need for excessive work breaks and absenteeism was not substantially justified [Doc. 24].

The record indicates that the government's position was not reasonable in law because the ALJ committed legal error. Regulations issued by the Secretary provide that a "treating source's opinion" will warrant "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2). The "treating physician rule," further states that:

> When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(I) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

Id. Furthermore,

> [t]he Supreme Court has long recognized that a federal agency is obliged to abide by the regulations it promulgates. See Vitarelli v. Seaton, 359 U.S. 535, 545 (1959); Service v. Dulles, 354 U.S. 363, 372 (1957); Accardi v. Shaughnessy, 347 U.S. 260, 267 (1954). An agency's failure to follow its own regulations "tends to cause unjust discrimination and deny adequate notice" and consequently may result in a violation of an individual's constitutional right to due process. Where a proscribed procedure is intended to protect the interests of a party before the agency, "even though generous beyond the requirements that bind such agency, that procedure must be

scrupulously observed." Vitarelli, 359 U.S. at 547 (Frankfurter, J., concurring).

Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 545 (6th Cir. 2004) (quoting Sameea, Inc. v. United States Air Force, 147 F.3d 1148, 1153 (9th Cir. 1998)).

In this case, plaintiff had multiple treating physicians which provided information to the ALJ. Dr. Steven Spalding provided psychiatric treatment to plaintiff; Dr. Ed Rogers was plaintiff's treating psychiatrist; and Dr. John Narro was plaintiff's treating physician. The Court found the ALJ improperly evaluated the opinions of these treating physicians [Doc. 17 at 16].

### A. Dr. Spalding and Dr. Rogers

In considering plaintiff's mental impairment, this Court found the ALJ's "reliance on a few GAF scores is misplaced" and that the treatment records of Dr. Spalding and Dr. Rogers is "of greater weight than that of a GAF score" [Doc. 17 at 23].[3] As to Dr. Spalding, this Court found the ALJ misstated his finding in regards to plaintiff's restrictions on daily living, ability to maintain social functioning, concentration, persistence, or pace. As to Dr. Rogers, this Court found the ALJ erred when he discounted his opinion because it seemed "inconsistent with the assessment of ... Dr. Spalding where the GAF reaches 65." [Tr. 21].

The ALJ's misplaced reliance on the offered GAF scores, as well as the government's attempts to sustain that judgment, confirms the government's position was not substantially justified. The Sixth Circuit has noted that the Commissioner "has declined to endorse the [GAF] score for 'use in Social Security and SSI disability programs' and has indicated that [GAF] scores have no 'direct

---

[3]A GAF is a clinician's subjective rating, on a zero to 100 scale, of an individual's overall psychological functioning. Kornecky v. Comm. of Soc. Sec., 167 Fed. Appx. 496, 503 n.7, 2006 WL 305648, at *5, n. 7 (6th Cir. Feb. 9, 2006) (unpublished) (per curiam).

6

correlation to the severity requirements of the mental disorder listings.'" DeBoard v. Comm. of Soc. Sec., 211 Fed. Appx. 411 (6th Cir. 2006) (quoting Wind v. Barnhart, 133 Fed. Appx. 684, 691-92 n. 5 (11th Cir. 2005) (quoting 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000)). "The GAF scores, therefore, are not raw medical data and do not necessarily indicate improved symptoms or mental functioning." Kennedy v. Astrue, No. 06-6582, 2007 WL 2669153, at *5 (6th Cir. Sept. 7, 2007). Therefore, the ALJ's failure to address how his own view of the GAF scores overcome the deference owed to the conclusions of the treating psychiatrists and the entire record, which supports plaintiff suffering from severe psychologic and psychiatric problems, including depression, anxiety, and schizoaffective disorder, and the government's decision to defend that judgement, is not substantially justified.

**B.    Dr. Narro**

The ALJ rejected Dr. Narro's opinion primarily because it:

> "appears largely based on the claimant's subjective complaints of neuropathic pain, and as noted earlier, such complaints of severe neuropathy are not fully credible. Dr. Narro's assessment of the claimant's need for unscheduled rest periods and about 3 absences per month also appear to have been based at least partly on subjective complaints, which do not appear to the undersigned to be consistent with the clinical evidence of record."

[Tr. 22].

The ALJ placed an emphasis on plaintiff's subjective complaints to Dr. Narro and found the complaints were not consistent with the clinical evidence of record, *i.e.,* objective evidence. However, as noted in this Court's decision, there was abundant objective evidence of the impact of AIDS on plaintiff's life and his ability to work. Dr. Narro completed a Residual Functional Capacity

7

Questionnaire, dated June 9, 2004, which found that plaintiff suffered from nausea, vomiting, diarrhea, and a host of other symptoms, which were constantly severe enough to interfere with attention and concentration and that plaintiff's ability to work at a regular job on a sustained basis is limited because plaintiff suffers from "chronic diarrhea and fecal incontinence" [Tr. 475-77]. Thus, this Court finds the ALJ's treatment of Dr. Narro's opinion unreasonable since he overlooked significant, objective medical evidence in making his determination. See Samuel v. Barnhart, 316 F.Supp.2d 768, 775 (E.D. Wis. 2004).

Under the circumstances of this case, where the ALJ was found to have selectively considered the evidence in denying benefits, this Court holds that the Commissioner's decision to defend the ALJ's denial of benefits is without substantial justification. See Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004) (citing Flores v. Shalala, 49 F.3d 562, 570 (9th Cir. 1995) ("The ALJ failed to consider the TEAM report, both in posing hypothetical questions to the vocational expert and in determining that Flores was not disabled. The Secretary's decision to defend this error was not substantially justified."). Likewise, the government's attempt to sustain that determination was not substantially justified. Accordingly, plaintiff is entitled to recover attorney's fees and expenses under the EAJA.

### III. The Appropriate Rate for EAJA Fees

Once the Court has decided that an EAJA award is appropriate, it must determine whether the amount sought by plaintiff is reasonable.

In determining whether plaintiff's requested fees are reasonable, the Court must examine both the rate and the number of hours requested. The EAJA allows for an award of "reasonable

attorney fees ... based upon prevailing market rates for the kind and the quality of services furnished" not to exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The party seeking an award of attorney's fees has the burden of demonstrating the reasonableness of hours by providing a detailed documentation of the hours, and the opposing party has the burden of providing evidence against this reasonableness. See Blum v. Stenson, 465 U.S. 886, 897 (1984); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).[4] The Court should exclude from its calculations hours that are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

Plaintiff requests fees in the total amount of $5,463.40. This includes compensation for 33.2 hours of attorney time: 1.5 hours of work performed by counsel in 2006 and 31.7 hours of work performed by counsel in 2007. Plaintiff seeks an increase in the $125 maximum hourly rate to $150.00/hour in 2006 and $154.00/hour in 2007 [Doc. 26]. Plaintiff justifies the increase by application of the Bureau of Labor Statistics Consumer Price Index ("CPI"), calculating the increase in the cost of living from March 1996, when the $125/hour rate was set. Use of the CPI has been accepted in this district. See London v. Halter, 203 F.Supp.2d 367, 373-74 (E.D. Tenn. 2001). Plaintiff also seeks compensation for 7.75 hours of work performed by counsel's paralegal. Paralegal time is billed at the rate of $46.00/hour. Counsel provides a billing statement and avers the hours spent were reasonable and necessary to provide good representation. Plaintiff and the

---

[4]The Supreme Court laid out the general standards to follow in making awards of attorney fees under any federal statutes authorizing such awards to a prevailing party. Hensley, 461 U.S. at 433 n.7.

Commissioner agree on the calculation of the proposed rates. Therefore, this Court accepts Plaintiff's proposed hourly rates.

However, the Commissioner objects to the amount of time for which plaintiff seeks compensation. The Commissioner contends plaintiff's arguments in support of his Motion for Judgment on the Pleadings [Doc. 11] "are remarkably similar to the arguments Plaintiff raised in his brief to the Appeals Council, at the administrative level, in connection with his request for review of the ALJ's decision" [Doc. 25]. Yet, plaintiff's counsel sufficiently explains that the time (13.3 hours) was spent reviewing the 600 page record, outlining arguments to be made on appeal, and drafting and revising the brief [Docs. 26 & 28]. See Stanfield v. Apfel, 985 F.Supp. 927, 930 (E.D. Mo. 1997) (approving 30 hours to review transcript, prepare brief, and prepare EAJA fee application); but see Teramoto v. Bowen, 771 F.Supp. 292, 296 (E.D. Mo. 1991) (finding it appropriate to "reduce the amount of plaintiff's court-appointed counsel requests in accordance with defendant's concerns." The District Court reduced the 14.25 challenged hours for research and the 19.00 challenged hours for writing one ten page brief to 15.00 total hours to research and write the brief). While the issues presented in this case were not especially novel, it was still necessary for plaintiff's attorney to adequately review the record, which was considerable in length, and effectively prepare the brief. The Court believes these activities are appropriate subjects for billing and the time recorded for each of them is reasonable.

The Court has examined the plaintiff's fee application. The Court finds 33.2 hours of attorney time to be reasonable and compensable under EAJA. At the requested hourly rate $150/hour for 1.5 hours of work and $154/hour for 31.7 hours of work, counsel is entitled to an

award of $5,106.80 for the work completed by counsel. Additionally, the Court notes the amount requested for paralegal fees, $356.80, was not contested by the Commissioner, thus, this Court finds the amount to be reasonable and recoverable. Therefore, plaintiff is entitled to fees in the total amount of $5,463.40.

### III.     Payment to Plaintiff's Counsel

Finally, the Commissioner objects to plaintiff's request that payment be made directly to counsel. The Commissioner argues that since there is no written assignment of fees, payment should be made directly to plaintiff, as the prevailing party, and not his attorney. Plaintiff cites to Crenshaw v. Astrue, from the Western District of Tennessee, per Magistrate Judge Vescovo, in which the fee award was made directly payable to plaintiff's counsel. While the Crenshaw order is not binding, this Court finds its reasoning and holding persuasive, and, in light of its sound legal reasoning, adopts the opinion of the District Court for the Western District of Tennessee.

The Sixth Circuit has held that a "party cannot request an award of attorney's fees unless he is required to pay those fees to his attorney. ... [T]o be 'incurred' within the meaning of a fee shifting statute, there must also be an express or implied agreement that the fee award will be paid over to the legal representative." King v. Comm'r of Soc. Sec., 230 Fed. Appx. 476, 481 (6th Cir. 2007) (quoting Phillips v. General Services Administration, 924 F.2d 1577, 1582 (Fed. Cir. 1991)). In addition, "attorney's fees awarded under the EAJA are payable to the attorney; they are awarded for the benefit of the party, but the money is not the party's to keep." Id. Therefore, the Court finds that the fee award in this case should be made directly payable to Eric L. Buchanan & Associates.

**IV.     Conclusion**

Having carefully considered this matter and for the reasons stated above, plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Doc. 22] is **GRANTED** in the total amount of $5,463.40 and payment is to be made to plaintiff's attorney, Eric Buchanan & Associates, PLLC.

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge