# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| TIMOTHY HICKLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-cv-488 |
| ) | (Phillips/Guyton) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On January 31, 2008, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed a twelve-page memorandum and order [Doc. 31] in which he granted Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Doc. 22] and ordered that $5,463.40 be paid to plaintiff's attorney, Eric Buchanan & Associates, PLLC.

This matter is presently before the court on defendant's objections to the memorandum and order [Doc. 32]. For the reasons that follow, defendant's objections will be **OVERRULED**, whereby plaintiff's motion for attorney's fees [Doc. 31] is granted and $5,463.40 is payable to plaintiff's counsel.

## I.   BACKGROUND

The following background was provided by Judge Guyton:

Plaintiff originally filed a claim for Supplemental Security Income payments on June 4, 2002 and filed an application for Disability Insurance Benefits on July 2, 2002, claiming disability due to AIDS, depression, hepatitis A and C infection,

> toxoplasmosis, and neuropathy. After his claims were denied initially and upon reconsideration, he filed a request for a hearing, which was held before an administrative law judge ("ALJ") on March 10, 2004. In a decision issued on May 23, 2004, the ALJ found that the claimant was not disabled, and thus not entitled to disability benefits [or] supplemental security income payments. On July 16, 2004, plaintiff requested review of the ALJ's decision from the Appeals Council, which was granted. On October 8, 2004, the Appeals Council vacated the decision of the ALJ and remanded the case, stating further evaluation was necessary to determine the extent to which plaintiff's impairments limit his ability to function. On February 2, 2005, the ALJ held a supplemental hearing and after hearing additional evidence, found plaintiff was not disabled and [therefore] not entitled to benefits. After the Appeals Council denied plaintiff's request for review of the ALJ's subsequent decision to deny disability benefits, plaintiff filed a complaint in the United States District Court for the Eastern District of Tennessee, seeking review of the Commissioner's decision denying him disability benefits.

[Doc. 31 at 2].

On July 18, 2007, Judge Guyton issued a report and recommendation [Doc. 17], recommending that plaintiff's motion for judgment on the pleadings be granted and the Commissioner's motion for summary judgment be denied. On September 11, 2007, this court accepted Judge Guyton's report and recommendation in whole, thereby granting plaintiff's motion for judgment on the pleadings and denying defendant's motion for summary judgment.

On October 11, 2007, plaintiff moved for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") [Doc. 22]. On January 31, 2008, Judge Guyton issued a memorandum and order in which he granted plaintiff's motion [Doc. 31], awarding plaintiff $5,463.40 in attorney's fees. Defendant objected [Doc. 32], and plaintiff responded thereto [Doc. 33].

## II. ANALYSIS

### A. Judge Guyton's Issuance of a Memorandum and Order

Defendant first objects that Judge Guyton's opinion was in the form of a memorandum and order, as opposed to a report and recommendation. Defendant argues that the award of attorney's fees is a post-trial, dispositive matter, and therefore 28 U.S.C. § 626(b) (2006) dictates that the opinion be in the form of a report and recommendation to the court. The distinction is important, defendant argues, because the form of the opinion governs the standard of review this court applies.

This court, however, finds that the issuance of a memorandum and order in this case was appropriate. In *King v. Commissioner of Social Security*, the Sixth Circuit explicitly stated that "[a]ttorney's fees under the EAJA are determined by magistrates." 230 F. App'x 476, 478 n.1 (6th Cir. 2007). Defendant, however, disputes the weight this court should accord this footnote and attempts to distinguish the case.

Such attempts are without merit. First, the *Massey* case on which defendant relies has to do neither with Social Security nor the Equal Access to Justice Act. *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993) (civil action where defendants moved for sanctions, attorneys fees, and costs under Rules 11 and 41 of the Federal Rules of Civil Procedure). Second, defendant's discussion of *Jankovich v. Bowen*, 868 F.2d 867 (6th Cir. 1989), to which the Sixth Circuit cited in *King* in support of its proposition that "[a]ttorney's fees under the EAJA are determined by magistrates," *King*, 230 F. App'x at 478 n.1, is of little import. Tellingly, the citation simply employed the signal "see," and *King* now very clearly states that magistrates determine attorney's fees under the EAJA. Moreover, there is further Sixth Circuit support for a magistrate judge issuing a memorandum and order awarding attorneys fees under the EAJA in social security cases. *See, e.g.*, *Dixon v. Apfel*, 1

F. App'x 281, 282 (6th Cir. 2001) (per curiam) ("[T]he order of the district court is affirmed upon the reasoning employed by the United States Magistrate Judge in his Memorandum Decision and Order ...."); *McGaha v. Comm'r of Soc. Sec.*, No. 95-1063, 1995 U.S. App. LEXIS 35427, at * 2 (6th Cir. Oct. 18, 1995) ("The magistrate judge denied McGaha's application for EAJA attorney's fees .... The district court denied McGaha's objections to the *magistrate judge's order* ...." (emphasis added))*; see also Anderson v. Comm'r of Soc. Sec.*, No. 98-6284, 1999 U.S. App. LEXIS 29996, at *9 (6th Cir. Nov. 12, 1999) (magistrate judge denied motion for attorney's fees under EAJA without any indication of consent to magistrate jurisdiction). *But see, e.g.*, *Decker v. Apfel*, 67 F. App'x 885 (6th Cir. 2003) (parties consented to magistrate jurisdiction); *Cunningham v. Halter*, 25 F. App'x 221 (6th Cir. 2001) (magistrate issued report and recommendation); *Feliciano v. Comm'r of Soc. Sec.*, No. 99-3070, 1999 U.S. App. LEXIS 29634, at *2 (6th Cir. Nov. 4, 1999) (parties consented to magistrate jurisdiction); *Marequez v. Sec'y of Health and Human Servs.*, No. 91-3703, 1992 U.S. App. LEXIS 3475 (6th Cir. Feb. 25, 1992) (magistrate issued report and recommendation).

Having determined that a memorandum and order was appropriate, this court reviews Judge Guyton's opinion for clear error.

### B. Award of Attorney's Fees

As Judge Guyton observed, "[t]he Equal Access to Justice Act departs from the traditional American rule that each party to a lawsuit pays his or her own legal fees." *Scarborough v. Principi*, 541 U.S. 401, 404 (2004). The statute provides,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the Untied States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the Untied States was substantially justified or that special circumstances

make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (2006). Further, "a party seeking fees is required to file an action 'within thirty days of final judgment in the action.' " *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129 (6th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(B) (2006)). Accordingly, as Judge Guyton further noted, there are four elements that must be met in order for a party to be awarded attorney's fees under the EAJA: "(1) that the fee applicant be a prevailing party; (2) that the government's position not be substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee applicant file the requisite application within thirty days of final judgment." *Id.* at 129-30. Before Judge Guyton, the parties only disputed whether the government's position was "substantially justified." The government now objects to Judge Guyton's determination that the government's position was not substantially justified.

The government bears the burden of establishing that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *accord Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006). The Sixth Circuit has held that "[t]he government's position was substantially justified if it was 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.' " *Noble v. Barnhart*, 230 F. App'x 517, 519 (6th Cir. 2007) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted)). In other words, the government's position is substantially justified if it has a "reasonable basis both in law and fact, and the position of the government will deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Id.* "Objective indicia, including 'the stage in which the proceedings were resolved and the legal merits of the government's position[,] may be relevant in assessing a district court's

determination of reasonableness.' " *Dvorkin v. Gonzales*, 173 F. App'x 420, 424 (6th Cir. 2006) (quoting *United States v. 2323 Charms Rd.*, 946 F.2d 437, 440 (6th Cir. 1991)) (alteration in original). The government's position can therefore be substantially justified even if unsupported by substantial evidence. *E.g.*, *Noble*, 230 F. App'x at 519. Finally, "[w]hen evaluating the Commissioner's position, [the court] consider[s] the ALJ's decision as part of the Commissioner's pre-litigation conduct." *Id.*

Judge Guyton found that "the government's position was not reasonable in law because the ALJ committed legal error." [Doc. 31 at 5]. Specifically, Judge Guyton determined that the ALJ had "selectively considered the evidence in denying benefits," [Doc. 31 at 8], in violation of the Social Security Administration's own regulations. Those regulations provide that "more weight" is given "to opinions from your treating sources," 20 C.F.R. § 404.1527(d)(2) (2008), and that a treating source's opinion will be given "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.* Judge Guyton found that the ALJ had improperly given more weight to Global Assessment Functioning ("GAF") scores, rather than according more weight to the treatment records of Drs. Spalding, Rogers, and Narro, all of whom treated the plaintiff, and that his failure to explain fully why he did not accord controlling weight to the controlling physicians' assessments and the entire record violated the Administration's own regulations.

Although "[t]here is no presumption that the government's position is not substantially justified simply because the government loses its case," *Elfelt v. United States.*, 149 F. App'x 402, 409 (6th Cir. 2005), nevertheless "a string of losses or successes may be indicative of whether a

position is substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004), *see also Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 447 (6th Cir. 2006) ("[A string of losses can be indicative; and even more so a string of successes." (quoting *Pierce v. Underwood*, 487 U.S. 552, 569 (1988))). In a similar case, however, the Sixth Circuit held, "under the circumstances of this case, where the administrative law judge was *found to have selectively considered the evidence* in denying benefits, we hold that the Commissioner's decision to defend the administrative law judge's denial of benefits is without substantial justification." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (emphasis added).

In the instant case, upon Judge Guyton's recommendation, this court reversed the ALJ's decision. Moreover, as in *Howard*, the ALJ selectively considered the evidence in denying benefits. Accordingly, given the ALJ's undue reliance on the GAF scores and his failure to give the treating physicians' controlling weight, as well as his failure to "give good reasons ... for the weight [given the] treating source[s'] opinion," 20 C.F.R. § 404.1527(d)(2), this court is in agreement with Judge Guyton. The government has failed to meet its burden of demonstrating that despite not being supported by substantial evidence, its decision to defend the ALJ's denial of benefits was nevertheless substantially justified.

### C. Amount of Fees

In a footnote, the government renews and incorporates by reference its objection to the amount of fees requested. The government contends the amount is unreasonable. This court, however, finds nothing in the record to indicate that Judge Guyton's determination was clearly erroneous, and accordingly will not reduce the amount of fees awarded.

### D. Fees Payable Directly to Attorney

The government also objects to Judge Guyton's order that the fees be made payable to plaintiff's counsel, Eric Buchanan & Associates, PLLC. The government argues that "any award of EAJA fees should be payable to Plaintiff, not Plaintiff's counsel, in the absence of the documentation of a written agreement between Plaintiff and his counsel, wherein Plaintiff assigns his fees to his attorney." [Doc. 32 at 16].

This court finds no basis for the government's position. The government misconstrues the underlying explanation of this proposition. It is true that an "attorney could not directly claim or be entitled to the award. It [must] be requested *on behalf of the party.*" *King v. Comm'r of Soc. Sec.*, 230 F. App'x 476, 481 (2007) (quoting *Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577, 1582 (Fed. Cir. 1991) (emphasis added)). Thus, "to be 'incurred' within the meaning of a fee shifting statute, there must also be an express or implied agreement that the fee award will be paid over to the legal representative." *Id.* (quoting *Phillips*, 924 F.2d at 1583). This, however, simply means that "[w]hile an attorney cannot bring an *independent action* for attorney's fees[,] attorney's fees awarded under the EAJA are payable to the attorney." *Id.* (emphasis added). This payment can be made either directly, as here, or indirectly, instructing the party to turn over the funds to his counsel. *Id.* at 482. The problem with the latter option, however, is that the party may improperly retain the funds, rather than giving them to the attorney.

In the instant case, it is clear that plaintiff's counsel requested the fees on behalf of his client. First, the motion for attorney's fees was made by plaintiff himself, through counsel. [Doc. 22 at 1]. The Sixth Circuit has held that this wording indicates that the "application was not made by counsel as the real party in interest, but was '*on behalf of the Plaintiff.*' " *King*, 230 F. App'x at 482. Moreover, it is clear from the nature of the request that the motion was made on behalf of plaintiff

and pursuant to an implicit fee agreement, as the fees compensate plaintiff's counsel and paralegal for time spent preparing plaintiff's case. Finally, the court reiterates that in the Sixth Circuit, if the funds are requested on behalf of the party, it is acceptable to pay attorney's fees directly to the attorney himself. *Id.* ("[A]ttorney's fee awards are necessarily payable to the attorney, either directly or through the hands of the prevailing party.").

### III. CONCLUSION

In sum, the government's objections to Judge Guyton's January 31, 2008 Memorandum and Order are **OVERRULED**. Per Judge Guyton's order, attorney's fees in the amount of $5,463.40 are to be paid to plaintiff's counsel, Eric Buchanan & Associates, PLLC.

**IT IS SO ORDERED**.

ENTER:

s/ Thomas W. Phillips
United States District Judge